

Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       )
DELLY BRAMMER,                                         )
                                                       )
                        Plaintiff,                     )
                                                       )          Index No.
                                                       )
                                                       )
                                                       )
           v.                                          )          **NOTICE OF REMOVAL**
                                                       )
WILLIAMS LEA INC.                                      )
                                                       )
                        Defendant.                     )
-------------------------------------------------------X

08 CV 00124

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a)-(c) and 1446, the

above-captioned action is removed by defendant Williams Lea Inc. ("Williams Lea") from the

Supreme Court of the State of New York, Bronx County, to the United States District Court for

the Southern District of New York, by the filing of this Notice of Removal. As grounds

therefore, Williams Lea states as follows:

     On or about June 20, 2007, plaintiff Delly Brammer filed an action in the Supreme Court

of the State of New York, Bronx County, Index No. 16520/07 (the "State Court Action"). A copy

of the Summons and Complaint is attached as Exhibit A.

     1.    This Notice of Removal is timely filed within thirty days after receipt by Williams

Lea, by service or otherwise, of the Amended Complaint setting forth the claim for relief upon

which this action is based, pursuant to 28 U.S.C. § 1446(b).

     2.    Defendant Williams Lea moved to dismiss the complaint on August 7, 2007. The

motion papers are attached as Exhibit B. On November 14, 2007, Judge Mark Friedlander

ordered Mr. Brammer to amend his complaint. The Order is attached as Exhibit C. The Amended Complaint, filed on or about December 13, 2008, is attached as Exhibit D, and is the operative complaint in this action.

3.      The original Complaint (Exhibit A) which contained an action for breach of contract, was not removable pursuant to 28 U.S.C. § 1441.

4.      Upon information and belief, no other defendant has been served in the State Court Action and therefore, their consent to removal is not required.

5.      A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Court of the Supreme Court of the State of New York is attached as Exhibit E and will be filed in the State Court Action and forwarded to plaintiffs upon the filing of this Notice of Removal.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

6.      Williams Lea removes this action to the United States District Court for the Southern District of New York, pursuant to the provisions of 28 U.S.C. § 1441(a) -(c), on the grounds that this Court has original jurisdiction over Plaintiff's claims for violation of 42 U.S.C. § 2000(e) *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining claims in the Amended Complaint pursuant to 28 U.S.C. § 1367 (a).

7.      As appears on the face of the Amended Complaint, Plaintiff has alleged claims for violation of 42 U. S. C. § 2000(e) *et seq. See e.g.* Exhibit D, ¶¶ 1, 36, 45.

8.      Thus, Plaintiff has alleged claims founded under the laws of the United States, and federal question jurisdiction exists over this dispute.

9.    Consequently, this action is removable because there is original federal jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' other claims under 28 U.S.C. § 1367.

10.    Accompanying this Notice of Removal are a Civil Cover Sheet, Rule 7.1 Statement and a check in the amount of $350.00 for the required filing fee.

Respectfully submitted,

Dated: January 7, 2008
New York, NY

SONNENSCHEIN NATH & ROSENTHAL LLP

Rebecca Hughes Parker (RP-6262)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
rhparker@sonnenschein.com

Amy L. Bess, D.C. Bar No. 418985
1301 K Street, N.W., Suite 600 - East Tower
Washington, D.C. 20005
Tel: (202) 408-6400
Fax: (202) 408-6399
abess@sonnenschein.com

*Attorneys for Defendant Williams Lea Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

DELLY BRAMMER,

           **Plaintiff,**

          **-against-**

WILLIAMS LEA INC.,

          **Defendants.**

------------------------------------------------------------X

Index No.: *16520/07*

Plaintiff designates Bronx
County as the place of trial

**SUMMONS**

The basis of the venue is
Plaintiff(s) residence:

Plaintiff resides at:
1818 Bussing Avenue
Bronx, NY 10466

### To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New of York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Bronx, New York
      JUNE  , 2007

                DELLY BRAMMER
                Plaintiff

                Delly Brammer
                Home and Mailing Address
                1818 Bussing Avenue
                Bronx. NY 10466
                (718) 324-8102

Defendant's Address:
Williams Lea Inc.   -      885 2nd Avenue, New York, NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
DELLY BRAMMER,

**Plaintiff,**

Index No.:

**VERIFIED**
**COMPLAINT**

**-against-**

WILLIAMS LEA INC.,

**Defendants.**

-------------------------------------------------------------------X

     **Plaintiff**, DELLY BRAMMER, complaining of the defendant(s), respectfully alleges as follows:

     1.   That at all times hereinafter mentioned, and upon information and belief, the plaintiff, DELLY BRAMMER, resided and resides within the County of Bronx, City and State of New York.

     2.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

     3.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a foreign corporation duly authorized to conduct business within the state of New York under and by virtue of the laws of the State of New York.

     4.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC.. was and still is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

     5.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

6.   On May 1ˢᵗ, 1989, plaintiff and defendant entered into a contractual agreement wherein the plaintiff was employed by the defendant, WILLIAMS LEA INC. which was formerly known as BOWNE BUSINESS SOLUTIONS INC.

7.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., did employ the plaintiff, DELLY BRAMMER, to work at their premises located at 11 Madison Avenue, New York, NY 10010-3629.

8.   On February 9ᵗʰ, 2005, the plaintiff, DELLY BRAMMER, was assaulted on the job by another co-worker.

9.   On February 10ᵗʰ, 2005, the plaintiff, DELLY BRAMMER, filed a complaint with the defendant's Human Resource Department regarding the assault and three (3) managers who were acting inappropriately within the working environment.

10.  In addition to the assault, the complaint filed with the defendant's Human Resource Department regarding the three (3) managers clearly stated that the plaintiff was being sexually harassed at work.

11.  The plaintiff, DELLY BRAMMER, made phone call(s) and left message(s) regarding the complaint filed but got no response.

12.  After the plaintiff filed the complaint with the Human Resource Department regarding the three (3) managers, said managers began treating the plaintiff aggressively.

13.  On or about October 13ᵗʰ, 2005, the plaintiff complained to a new manager regarding the aggressive treatment he was receiving and was informed by said manager that he was only there to renew the contract for the company and if he had to separate the complainers or transfer them he would.

14.  In December 2005, the plaintiff again made another attempt to discuss the aforementioned issues with the new manager and was threatened with termination by said manager.

15. On or about March 3rd, 2006, the plaintiff telephoned the Human Resource Department to reiterate his complaint(s) and was told to inform the new manager about it because he was the one in charge.

16. The managers also refused to pay the plaintiff for time worked off the clock and continued to treat said plaintiff aggressively.

17. On March 10th, 2006, the plaintiff's employment was terminated with the defendant, WILLIAMS LEA INC.

18. During the plaintiff's tenure of employment with the defendant, WILLIAMS LEA INC. formerly known as BOWNE BUSINESS SOLUTIONS INC., he had to repeatedly endure unpleasant degrading and/or sexiest remarks that were directed towards him and other employees within the working environment.

19. That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., their agents, servants and/or managers, were responsible to maintain a workplace free of harassment for the employees on the aforementioned premises on which they conduct business.

20. That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., their agents, servants and/or managers, were responsible to maintain a workplace that is safe for the employees on the aforementioned premises on which they conduct business.

21.  That by reason of the facts and circumstances aforementioned, the defendant, WILLIAMS LEA INC., breached the contract.

22.  That by reason of the facts and circumstances aforementioned, the plaintiff, DELLY BRAMMER, has been damaged in the amount of ONE MILLION DOLLARS and 00/100 ($ 1,000,000.00).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant(s) in the amount of ONE MILLION DOLLARS and 00/100 ($ 1,000,000.00), together with the costs and disbursements of this action.

DATED:      BRONX, NEW YORK
            JUNE     , 2007

Yours, etc.
DELLY BRAMMER
Plaintiff

Delly Brammer
Home and Mailing Address
1818 Bussing Avenue
Bronx, NY 10466
(718) 324-8102

DATED:    BRONX, NEW YORK
          JUNE      , 2007

                                    Yours, etc.,
                                    DELLY BRAMMER
                                    Plaintiff

                                    Delly Brammer
                                    Home and Mailing Address
                                    1818 Bussing Avenue
                                    Bronx, NY 10466
                                    (718) 324-8102


**COPY**

UCS-840(REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

| Supreme | Bronx County | 16520/07 | |
|---------|--------------|----------|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

PLAINTIFF(S):

Delly Brammer

DEFENDANT(S):

Williams Lea Inc.

| For Clerk Only |
|---|
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____ Bill of particulars served (Y/N):   [ ]Yes     [ ]No

**NATURE OF JUDICIAL INTERVENTION** (check **ONE** box only **AND** enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[X] Notice of motion (return date: 9/28/07 )
    Relief sought   Dismissal

[ ] Order to show cause
    (clerk enter return date:_____)
    Relief sought_____
[ ] Other ex parte application (specify:

_____ )

[ ] Notice of petition (return date:_____)
    Relief sought _____

[ ] Notice of medical or dental malpractice
action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____
_____ )

**NATURE OF ACTION OR PROCEEDING** (Check **ONE** box only)

**MATRIMONIAL**
[ ] Contested                                    -CM
[ ] Uncontested                                  -UM

**COMMERCIAL**
[X] Contract                                     -CONT
[ ] Corporate                                    -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)                   -INS
[ ] UCC (including sales, negotiable
    instruments)                                 -UCC
[ ] *Other Commercial                            -OC
_____

**REAL PROPERTY**
[ ] Tax Certiorari                               -TAX
[ ] Foreclosure                                  -FOR
[ ] Condemnation                                 -COND
[ ] Landlord/Tenant                              -LT
[ ] *Other Real Property                         -ORP

**OTHER MATTERS**
[ ] *_____            -OTH

**TORTS**

Malpractice
[ ] Medical/Podiatric                            -MM
[ ] Dental                                       -DM
[ ] *Other Professional                          -OPM

[ ] Motor Vehicle                                -MV
[ ] *Product Liability                           -PL

[ ] Environmental                                -EN
[ ] Asbestos                                     -ASB
[ ] Breast Implant                               -BI
[ ] *Other Negligence                            -OTN

[ ] *Other Tort (including
    intentional)                                 -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration)                        -ART75
[ ] Art. 77 (Trusts)                             -ART77
[ ] Art. 78                                      -ART78
[ ] Election Law                                 -ELEC
[ ] Guardianship (MHL Art. 81)                   -GUARD81
[ ] *Other Mental Hygiene                        -MHYG
[ ] *Other Special Proceeding                    -OSP

RECEIVED
BRONX COUNTY CLERK'S OFFICE
AUG - 8 2007
PAID      NO FEE

<u>**Check "YES" or "NO" for each of the following questions:**</u>

Is this action/proceeding against a

YES    NO                                             YES    NO
( )    [X] Municipality:                              [ ]    [X] Public Authority:
          (Specify_____)                      (Specify_____)

YES    NO
[ ]    [X] Does this action/proceeding seek equitable relief?
[ ]    [X] Does this action/proceeding seek recovery for personal injury?
[ ]    [X] Does this action/proceeding seek recovery for property damage?

<u>**Pre-Note Time Frames:**</u>
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months      ☒ Standard: 9-12 months          ☐ Complex: 13-15 months

<u>Contested Matrimonial Cases Only:</u> (Check and give date)

     Has summons been served?           ☐ No          ☐ Yes, Date_____

     Was a Notice of No Necessity filed?  ☐ No          ☐ Yes, Date_____

<u>**ATTORNEY(S) FOR PLAINTIFF(S):**</u>

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☒ | Delly Brammer | 1818 Bussing Avenue Bronx, NY 10466 | 718-324-8102 |
| ☐ | | | |

<u>**ATTORNEY(S) FOR DEFENDANT(S):**</u>

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Rebecca Hughes Parker | Sonnenschein Nath & Rosenthal 1221 Avenue of the Americas | |
| ☐ | | New York, NY 10020 | 212-768-6700 |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

<u>**INSURANCE CARRIERS:**</u>

<u>**RELATED CASES: (IF NONE, write "NONE" below)**</u>
<u>Title</u>          <u>Index #</u>          <u>Court</u>          <u>Nature of Relationship</u>
                    None

     I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: _____       _Rebecca Hughes Parker_____
                              (SIGNATURE)
                             _Rebecca Hughes Parker_____
                              (PRINT OR TYPE NAME)
                             _Williams Lea_____
                              ATTORNEY FOR

          ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
                              )
DELLY BRAMMER,                   )
                              )
              Plaintiff,       )               Index No. 16520/07
                              )
        v.                     )
                              )
WILLIAMS LEA INC.             )
                              )
             Defendant.     )
-----------------------------------------------------------------X

### NOTICE OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

PLEASE TAKE NOTICE that, upon the accompanying Affirmation of Rebecca Hughes

Parker, sworn to August 7, 2007, the Affidavit of Karen Scimeca, sworn to August 7, 2007 and

the exhibits attached hereto, and Defendant Williams Lea's Memorandum of Law in Support of

its Motion to Dismiss the Complaint, dated August 7, 2007, Defendant, through its undersigned

counsel, will move this Court, to be held in and for the County of Bronx, at the Courthouse, 851

Grand Concrouse, Bronx, New York, on September 28, 2007, at 9:30 AM, or as soon thereafter

as counsel may be heard, for an order pursuant to CPLR 3211(a)(1), (7) dismissing each and

every claim in Plaintiff's Verified Complaint on the grounds (a) that the Verified Complaint fails

to state a cause of action against Williams Lea, (b) that all causes of action should be dismissed

with prejudice based upon documentary evidence --and granting Williams Lea its costs and

attorneys' fees and such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), answering

papers, if any, shall be served upon the undersigned at least seven (7) days prior to the return

date of this motion.



Dated: New York, New York
       August 7, 2007

                                    SONNENSCHEIN NATH & ROSENTHAL LLP

                                    By: _Rebecca Hughes Par_____
                                    Rebecca Hughes Parker
                                    1221 Avenue of the Americas
                                    New York, New York 10020
                                    Tel: (212) 768-6700
                                    Fax: (212) 768 6800
                                    rhparker@sonnenschein.com

                                    Amy L. Bess, D.C. Bar No. 418985
                                    1301 K Street, N.W., Suite 600 - East Tower
                                    Washington, D.C. 20005
                                    Tel: (202) 408-6400
                                    Fax: (202) 408-6399
                                    abess@sonnenschein.com

                                    *Attorneys for Defendant Williams Lea Inc.*

17569346\V-1

# AFFIRMATION OF
# REBECCA HUGHES PARKER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------X
                                          )

DELLY BRAMMER,                      )

                        Plaintiff,       )         Index No. 16520/07

                                  )        **AFFIRMATION OF**
                                  )        **REBECCA HUGHES PARKER**

           v.                    )

WILLIAMS LEA INC.              )

                       Defendant.   )
-----------------------------------------------------------X

I, REBECCA HUGHES PARKER, an attorney duly admitted to practice law in the State

of New York, hereby affirm under penalty of perjury, pursuant to CPLR § 2106, that:

      1.      I am associated with the firm of Sonnenschein Nath & Rosenthal, LLP, counsel to

defendant Williams Lea Inc. ("Williams Lea").

      2.      I make this affirmation to transmit documentary evidence supporting Defendant

Williams Lea's Memorandum of Law in Support of its Motion to Dismiss the Complaint.

      3.      Attached hereto as Exhibit A is a true and correct copy of the Verified Complaint

in this action, Index No. 16520/07 (June 20, 2007).

Dated August 7, 2007

                                                  *Rebecca Hughes Parker*

                                              Rebecca Hughes Parker

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

DELLY BRAMMER,

                        Plaintiff,

                -against-

WILLIAMS LEA INC.,

                        Defendants.

-------------------------------------------------------------------X

Index No.: *16520/07*

Plaintiff designates Bronx
County as the place of trial

**SUMMONS**

The basis of the venue is
Plaintiff(s) residence:

Plaintiff resides at:
1818 Bussing Avenue
Bronx, NY 10466

**To the above named Defendant(s):**

        **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New of York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Bronx, New York
        JUNE   , 2007

                                DELLY BRAMMER
                                Plaintiff

                                Delly Brammer
                                Home and Mailing Address
                                1818 Bussing Avenue
                                Bronx, NY 10466
                                (718) 324-8102

Defendant's Address:
Williams Lea Inc.   -    885 2nd Avenue, New York, NY 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
DELLY BRAMMER,

**Plaintiff,**

                                                                 Index No.:

                                                                **VERIFIED
COMPLAINT**

**-against-**

WILLIAMS LEA INC.,

**Defendants.**

-------------------------------------------------------------------X

    **Plaintiff, DELLY BRAMMER,** complaining of the defendant(s), respectfully alleges as follows:

    1.   That at all times hereinafter mentioned, and upon information and belief, the plaintiff, DELLY BRAMMER, resided and resides within the County of Bronx, City and State of New York.

    2.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a foreign corporation duly authorized to conduct business within the state of New York under and by virtue of the laws of the State of New York.

    4.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

    5.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., was and still is a limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

6.   On May 1st, 1989, plaintiff and defendant entered into a contractual agreement wherein the plaintiff was employed by the defendant, WILLIAMS LEA INC. which was formerly known as BOWNE BUSINESS SOLUTIONS INC.

7.   That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., did employ the plaintiff, DELLY BRAMMER, to work at their premises located at 11 Madison Avenue, New York, NY 10010-3629.

8.   On February 9th, 2005, the plaintiff, DELLY BRAMMER, was assaulted on the job by another co-worker.

9.   On February 10th, 2005, the plaintiff, DELLY BRAMMER, filed a complaint with the defendant's Human Resource Department regarding the assault and three (3) managers who were acting inappropriately within the working environment.

10.   In addition to the assault, the complaint filed with the defendant's Human Resource Department regarding the three (3) managers clearly stated that the plaintiff was being sexually harassed at work.

11.   The plaintiff, DELLY BRAMMER, made phone call(s) and left message(s) regarding the complaint filed but got no response.

12.   After the plaintiff filed the complaint with the Human Resource Department regarding the three (3) managers, said managers began treating the plaintiff aggressively.

13.   On or about October 13th, 2005, the plaintiff complained to a new manager regarding the aggressive treatment he was receiving and was informed by said manager that he was only there to renew the contract for the company and if he had to separate the complainers or transfer them he would.

14.   In December 2005, the plaintiff again made another attempt to discuss the aforementioned issues with the new manager and was threatened with termination by said manager.

3

15. On or about March 3rd, 2006, the plaintiff telephoned the Human Resource Department to reiterate his complaint(s) and was told to inform the new manager about it because he was the one in charge.

16. The managers also refused to pay the plaintiff for time worked off the clock and continued to treat said plaintiff aggressively.

17. On March 10th, 2006, the plaintiff's employment was terminated with the defendant, WILLIAMS LEA INC.

18. During the plaintiff's tenure of employment with the defendant, WILLIAMS LEA INC. formerly known as BOWNE BUSINESS SOLUTIONS INC., he had to repeatedly endure unpleasant degrading and/or sexiest remarks that were directed towards him and other employees within the working environment.

19. That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., their agents, servants and/or managers, were responsible to maintain a workplace free of harassment for the employees on the aforementioned premises on which they conduct business.

20. That at all times hereinafter mentioned, and upon information and belief, the defendant, WILLIAMS LEA INC., their agents, servants and/or managers, were responsible to maintain a workplace that is safe for the employees on the aforementioned premises on which they conduct business.

4

21. That by reason of the facts and circumstances aforementioned, the defendant,
WILLIAMS LEA INC., breached the contract.

22. That by reason of the facts and circumstances aforementioned, the plaintiff,
DELLY BRAMMER, has been damaged in the amount of ONE MILLION DOLLARS and 00/100
($ 1,000,000.00).

**WHEREFORE,** the Plaintiff demands judgment against the Defendant(s) in the amount of
ONE MILLION DOLLARS and 00/100 ($ 1,000,000.00), together with the costs and
disbursements of this action.

DATED:          BRONX, NEW YORK
                JUNE        , 2007


                                        Yours, etc.
                                        DELLY BRAMMER
                                        Plaintiff

                                        Delly Brammer
                                        Home and Mailing Address
                                        1818 Bussing Avenue
                                        Bronx, NY 10466
                                        (718) 324-8102

DATED:       BRONX, NEW YORK
             JUNE       , 2007

Yours, etc.,
DELLY BRAMMER
Plaintiff

Delly Brammer
Home and Mailing Address
1818 Bussing Avenue
Bronx, NY 10466
(718) 324-8102

# AFFIDAVIT OF KAREN SCIMECA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------X
                                                )
DELLY BRAMMER,                                  )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )    Index No. 16520/07
                                                )
                                                )    **AFFIDAVIT OF**
                                                )    **KAREN SCIMECA**
WILLIAMS LEA INC.                               )
                                                )
                Defendant.                      )
-------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        KAREN SCIMECA, being duly sworn, deposes and states:

        1.      I am the Senior Director of Human Resources at Williams Lea Inc., located at

885 Second Avenue, New York, New York.  Prior to November 2004, I was the Senior

Director of Human Resources for Bowne Business Solutions ("BBS").  In November 2004,

Williams Lea Holdings Inc. acquired all of stock of BBS and thereafter, all existing BBS

employees became Williams Lea employees.

        2.      Williams Lea, like BBS before it,  is a company that provides corporate

information solutions to a variety of businesses and industries worldwide, including the

financial services industry.  Many of Williams Lea's employees work at client sites

assisting Williams Lea's clients with their information needs.

        3.      BBS hired Delly Brammer on May 1, 1989 and he became an employee of

Williams Lea following its acquisition of BBS's stock in November 2004.

        4.      As a regular business practice, Mr. Brammer received copies of the

company's Employee Handbooks throughout his tenure at BBS, and subsequently during

his tenure with Williams Lea. He was routinely provided with updated copies of the Employee Handbook as it was revised and updated from time to time.

5.      Mr. Brammer received a copy of the Williams Lea's Employee Handbook in March 2006. He signed an acknowledgement of receipt on March 6, 2006. A true and correct copy of Delly Brammer's Employee Handbook Acknowledgement of Receipt is attached as Exhibit B to this Affidavit.

6.      The Williams Lea Employee Handbook Mr. Brammer received provides on page ten "No contract - employment at will". A true and correct copy of an excerpt from the Employee Handbook Delly Brammer received in March 2006 is attached as Exhibit C to this Affidavit.

7.      At no time did Mr. Brammer sign an employment contract with BBS or Williams Lea.

8.      In March 2006, Williams Lea terminated Mr. Brammer's employment due to poor performance.

9.      At the time of his termination, Mr. Brammer was working for Williams Lea as a Supervisor at the site of its client, Credit Suisse Bank.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

KAREN SCIMECA

Sworn to before me this
7th day of August, 2007

Notary Public

BENJAMIN BILBAO
Notary Public - State of New York
No. 01BI6128773
Qualified in New York County
Commission ends: June 13, 20__

- 2 -

17569345\V-3

# EXHIBIT B

**Employee Handbook Acknowledgement of Receipt**

This is to acknowledge that I have received the Williams Lea Inc. Employee Handbook, of which this receipt is a part. I have read it so that I can better understand the Company's policies, including the "Non-Harassment Policy", "Computer, E-mail, and Internet usage Policy", "Code of Ethics" and the conditions of employment which, when violated, may lead to immediate termination. I further acknowledge that nothing in this Handbook is intended to create contractual obligations for the Company, and that the policies and procedures stated in this Handbook may be modified by the Company at any time. Finally, I acknowledge my status as an employee-at-will of the Company, which means that the Company or I may terminate my employment at any time with or without cause.

(Employee's Printed Name)

_Delly Brammer_

(Employee's Signature)                                    (Date)

_[signature]_                                             _3/6/06_

# EXHIBIT C



**WILLIAMS LEA**
corporate information solutions

# EMPLOYEE HANDBOOK

## No contract – employment "at will"

This handbook is not an employment contract and does not create any obligations, contractual or otherwise.  The policies and procedures stated in this book may be modified by the company at anytime. Your employment is "at will" and may be terminated by you or the company at any time.

## Commitment to diversity

Williams Lea's employee population is diverse on a broad spectrum. This spectrum includes the diversity dimensions of age, race, religion, gender, sexual orientation, physical capacity, political beliefs, work-style, and socio-economic and martial status. These diversity dimensions become our strength. Through managing with the value of integrity and respect, we establish a diverse culture, which fosters **"an environment that encourages and supports every employee to strive and reach their maximum potential in pursuit of our business objectives."**

## Employee classifications

### Full-time employees

Full-time employees are those who have been hired for a regular schedule averaging 40 hours per workweek. Note: Most shifts are 40 hours, however some sites have 37.5 hours due to client needs.  Williams Lea does not guarantee a minimum amount of hours.

### Part-time employees

Part-time employees are those who are hired on that basis and work an average of less than 25 hours per workweek on a continuing basis. These hours may vary each workweek. Each employee in this category is required to have a plan of hours approved by his or her supervisor in order to establish his or her expected work hours. Part-time employees are generally not entitled to benefits, holiday or PTO (paid time off) time.  Employees who are regularly scheduled to work 25 hours per week or more are eligible for benefits under the Williams Lea plans, including pro-rated PTO & holiday pay.

### Flexible Workers

Flexible Workers are those who are hired on that basis for work on a special job and/or for a period of time during the year. These employees will be scheduled as warranted by work requirements.  Their schedule and hours of work may vary on a daily or weekly basis. Such employees are not eligible for company benefits.

Index No. 16520/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DELLY BRAMMER,

Plaintiff,

-against-

WILLIAMS LEA, INC.,

Defendants.

*NOTICE OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT*

SONNENSCHEIN NATH & ROSENTHAL LLP

ATTORNEYS FOR    Defendants

1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
(212) 768-6700



COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
                                   )

DELLY BRAMMER,           )

                  )

        Plaintiff,    )

                )      Index No. 16520/07

     v.        )

                )

WILLIAMS LEA INC.,    )

                )

        Defendant.   )
------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT



RECEIVED
BRONX COUNTY CLERK'S OFFICE
AUG - 8 2007
PAID ☐
NO FEE ☐

**SONNENSCHEIN NATH & ROSENTHAL**
**1221 Avenue of the Americas**
**New York, New York 10020**
**(212) 768-6700**

**Attorneys for Defendant**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTS ................................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    A.   Mr. Brammer's Relationship With Williams Lea Was At-Will. ............................ 3

    B.   Plaintiff Has Failed to Properly Plead a Breach of Contract Claim. .................... 5

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*85 Fifth Avenue 4th Floor, LLC v. I.A. Selig, LLC*, 14 Misc. 3d 1219(A), 836 N.Y.S.2d 484 (Table) (Sup. Ct. N.Y. Co. 2006)................................................................5

*Gelbman v. Valleycrest Prod., Ltd.*, 189 Misc. 2d 403, 732 N.Y.S.2d 528 (Sup. Ct. N.Y. Co. 2001) ................................................................5

*Igarashi v. Higashi*, 289 A.D.2d 128, 735 N.Y.S.2d 33 (1st Dep't 2001) ........................3

*La Duke v. Hepburn Med. Ctr.*, 239 A.D.2d 750, 657 N.Y.S.2d 810 (3d Dep't 1997) ................................................................4

*Lazaro v. Good Samaritan Hospital*, 54 F. Supp. 2d 180 (S.D.N.Y. 1999) ........................4

*Lexington 360 Assoc. v. First Union Nat. Bank of North Carolina*, 234 A.D.2d 187, 651 N.Y.S.2d 490 (1st Dep't 1996) ................................................................6

*M. Fund, Inc. v. Carter*, 31 A.D.3d 620, 819 N.Y.S.2d 299 (2d Dep't 2006)....................3

*Marino v. Vunk*, 39 A.D.3d 339, 835 N.Y.S.2d 47 (1st Dep't 2007) ................................4

*New Dimension Solutions, Inc. v. Spearhead Sys. Consultants, (US) Ltd.*, 28 A.D.3d 260, 814 N.Y.S.2d 96 (1st Dep't 2006) ................................................................6

*Scheck v. Francis*, 26 N.Y.2d 466, 260 N.E.2d 493, 311 N.Y.S.2d 841 (1970) ................6

*Stabulas v. Brooks Piece Dye Works Corp.*, 111 A.D.2d 803, 490 N.Y.S.2d 549 (2d Dep't 1985)................................................................5

*Suburban Broad. Corp. v. RCA Corp.*, 51 A.D.2d 785, 379 N.Y.S.2d 486 (2d Dep't 1976) ................................................................3

*Wilderhomes, LLC v. Zautner*, 34 A.D.3d 1062, 825 N.Y.S.2d 564 (3d Dep't 2006) ................................................................5

## STATUTES

CPLR 3211................................................................1

Defendant Williams Lea Inc. ("Williams Lea") by its attorneys Sonnenschein

Nath and Rosenthal LLP, respectfully submits this memorandum of law in support of Williams

Lea's motion to dismiss Plaintiff Delly Brammer's Complaint (the "Complaint") in its entirety,

with prejudice, pursuant to New York Civil Practice Law and Rules 3211(a)(1), (7).

## INTRODUCTION

Delly Brammer was an at will employee of Williams Lea  who was terminated in 2006

for chronic poor performance.  He has responded to his termination by this action for breach of

contract.  As explained below, at no during his employment with Williams Lea, or during his

employment with Williams Lea's predecessor, Bowne Business Solutions, did Mr. Brammer

have a contract of employment.  Indeed, the employee handbook he received from Williams Lea,

and for which he signed an acknowledgement of receipt, stated clearly that his employment was

at will and that no contract existed between him and Williams Lea.  Further, New York law

presumes that a non-contractual employment relationship is one at will and can be terminated by

either party for any reason.  Mr. Brammer's vaguely pled complaint cannot overcome this

presumption.

Specifically, his Complaint fails to allege the terms of a contract, nor does it attach any

alleged contract document.  Further, Mr. Brammer's Complaint is silent regarding how he was

allegedly damaged by a purported breach.  Given the absence of any contract between the

parties, Mr. Brammer cannot properly allege a breach of contract cause of action, and

accordingly, his Complaint is defective and must be dismissed.

## FACTS

Williams Lea is a company that provides corporate information solutions to a variety of

businesses and industries worldwide.  Affidavit of Karen Scimeca, signed August 7, 2007, ¶2

("Scimeca Aff.")  The financial services industry is one such industry to which Williams Lea

delivers information solutions. *Id.* Employees at Williams Lea work at different client sites around the country managing the information flow at various companies. *Id.*

Delly Brammer was hired by Bowne Business Solutions ("BBS"), Williams Lea's corporate predecessor, in 1989. Complaint, filed June 20, 2007, ¶6 ("Complaint").[1] In November 2004, Williams Lea Holdings Inc. acquired all of the stock of BBS, and thereafter, all of the employees of BBS became employees of Williams Lea. Mr. Brammer received an Employee Handbook when he was hired by BBS, and he subsequently received various updates to such handbook. Scimeca ¶4. Additionally, following the acquisition of BBS by Williams Lea, he received a copy of the Williams Lea Employee Handbook, and received various updates to that handbook throughout his tenure. *Id.* Mr. Brammer received the most recent version of the Williams Lea Handbook in March 2006, and signed an acknowledgement of such receipt. *Id.* at ¶5, Ex. B. The receipt Mr. Brammer signed acknowledges that "nothing in this Handbook is intended to create contractual obligations for the Company . . . ." Ex. B. Further, the Williams Lea Handbook that Mr. Brammer received itself provides in pertinent part:

> **No contract – employment "at will"**
>
> This handbook is not an employment contract and does not create any obligations, contractual or otherwise. The policies and procedures stated in this book may be modified by the company any time. Your employment is "at will" and may be terminated by you or the company at any time.

Ex C. At the time of his termination, Brammer was a supervisor for Williams Lea, working at the site of Williams Lea's client, Credit Suisse Bank in Manhattan. At no time did he sign a contract with Williams Lea. Scimeca Aff. ¶7.

---

[1]    The Compaint is attached as Exhibit A to the Affirmation of Rebecca Hughes Parker, signed August 7, 2007.

Mr. Brammer filed his *pro se* Complaint against Williams Lea on June 20, 2007. Ex. A.[2] Despite asserting various factual allegations about perceived mistreatment and inconveniences that he experienced during his employment with Williams Lea, Mr. Brammer's Complaint contains no legal claims relating to such allegations. *See, e.g.*, Complaint ¶¶ 8, 10, 12, 14-15, 18.[3] Instead, in Paragraph 21 of his Complaint, Mr. Brammer alleges conclusorily, "That by reason of the facts and circumstances aforementioned, the defendant, WILLIAMS LEA INC., breached the contract." Nevertheless, as mentioned above, the Complaint is devoid of any factual allegations that would support a breach of contract claim and fails to attach a copy of the alleged contract on which Mr. Brammer sues.

## ARGUMENT

### A.    Mr. Brammer's Relationship With Williams Lea Was At-Will.

"While pleadings should be liberally construed on a motion to dismiss, claims 'flatly contradicted by documentary evidence' must be rejected." *Igarashi v. Higashi*, 289 A.D.2d 128, 735 N.Y.S.2d 33, 34 (1st Dep't 2001) (internal citations omitted). *See also M. Fund, Inc. v. Carter*, 31 A.D.3d 620, 621, 819 N.Y.S.2d 299, 300 (2d Dep't 2006) (granting motion to dismiss where documentary evidence "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim"); *Suburban Broad. Corp. v. RCA Corp.*, 51 A.D.2d 785, 786, 379 N.Y.S.2d 486, 487 (2d Dep't 1976) (granting motion to dismiss where "documentary evidence was a complete defense to the several causes of action in the complaint.").

---

[2]    Defendant also avers that Plaintiff did not serve it properly according to the CPLR. It asserts lack of personal jurisdiction as a defense to this action and reserves its right to separately move to dismiss on that ground.

[3]    Some of his allegations cryptically suggest that Mr. Brammer believes that he had been sexually harassed by certain unnamed co-workers, but his Complaint is entirely devoid of any sexual harassment claim, any citation to the federal or state discrimination laws, or even any factual basis that could support such a claim.

Here, the plain and unambiguous terms of the Williams Lea Employee Handbook that Mr. Brammer acknowledged receipt of moot this action by providing that Mr. Brammer's relationship with Williams Lea is not contractual. *See* Ex. C. The Handbook states in bold letters: **"No contract – employment 'at will.'"** The Handbook goes on to expressly provide that the "Handbook is not an employment contract and does not create any obligations, contractual or otherwise." *Id.* Having acknowledged receipt in writing of this disclaimer of any contractual relationship with Williams Lea, Mr. Brammer cannot now claim that Williams Lea breached a contract with him. *See, e.g. Marino v. Vunk*, 39 A.D.3d 339, 340, 835 N.Y.S.2d 47, 49 (1st Dep't 2007) ("Since plaintiff failed to allege the existence of any contract entitling her to the unspecified compensation she claims to have been denied, or the precise terms thereof, her second cause of action [for breach of contract] was properly dismissed.").

Even without the parties' express disclaimer of any contractual relationship, however, Mr. Brammer's claim for breach of contract still fails as a matter of law. The law in New York is "well settled that absent an express agreement which establishes that employment is for a fixed duration, an employment relationship is presumed to be at will and can be freely terminated by either party at any time, for any reason or no reason." *La Duke v. Hepburn Med. Ctr.*, 239 A.D.2d 750, 753, 657 N.Y.S.2d 810, 812 (3d Dep't 1997). *See also Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180 (S.D.N.Y. 1999) ("Under New York law, absent an agreement establishing a fixed duration of employment, employment relationship is presumed to be a hiring 'at-will,' terminable at any time by either party.").

A plaintiff may overcome this presumption if she can establish that "(1) the employer made employee aware of its express written policy limiting its right of discharge, and (2) the employee detrimentally relied on that policy in accepting employment." *Lazaro*, 54 F. Supp. 2d at 184 (holding that "plaintiff has failed to allege that she entered into a written employment

- 4 -

contract with the hospital [and] is an at-will employee . . . .  Lazaro, however, has failed to plead

in her amended complaint detrimental reliance, a required element to rebut an at-will

employment under New York law.").  There are no allegations in the Complaint here that even

come close to rebutting this presumption.  *See generally* Complaint.

**B.**     **Plaintiff Has Failed to Properly Plead a Breach of Contract Claim.**

In addition to the fact that Plaintiff and Defendant did not enter into a contract of

employment, as evidenced unequivocally by the Employee Handbook, Mr. Brammer's

Complaint fails to set forth a cause of action to which Williams Lea can respond.

"To state a cause of action for breach of contract, it [is] incumbent upon plaintiff to state

facts which, if credited, allege that an enforceable contract existed between the parties at the time

of the alleged breach."  *Wilderhomes, LLC v. Zautner,* 34 A.D.3d 1062, 1064, 825 N.Y.S.2d 564,

566 (3d Dep't 2006).  The sole allegation Plaintiff makes as to a contract formed between the

parties is in paragraph six of the Complaint, which simply states:  "On May 1st, 1989, plaintiff

and defendant entered into a contractual agreement wherein the plaintiff was employed by the

defendant . . . ."  Aside from the falsity of this statement, as shown above, it alone is not

adequate to show that an enforceable contract existed.  The lack of proper pleading of the

existence of a contract is fatal to a breach of contract claim.  *See e.g., 85 Fifth Ave. 4th Floor,*

*LLC v. I.A. Selig, LLC,* 14 Misc.3d 1219(A), 836 N.Y.S.2d 484 (Table) (Sup Ct. N.Y. Co. 2006).

("Since it is clear that there was no contract between plaintiff and the Coop Corporation,

plaintiff's cause of action for breach of contract against the coop must be dismissed.").

Further, Plaintiff does not state which terms of the alleged contract were breached.

"Where a complaint…sets forth a cause of action for breach of contract, the provisions of the

contract upon which the claim is based must be alleged."  *Stabulas v. Brooks Piece Dye Works*

*Corp.,* 111 A.D.2d 803, 804, 490 N.Y.S.2d 549, 550 (2d Dep't 1985).  *See also Gelbman v.*

*Valleycrest Prod., Ltd.,* 189 Misc. 2d 403, 406, 732 N.Y.S.2d 528, 531 ( Sup. Ct. N.Y. Co. 2001) (dismissing complaint where "[p]laintiff has failed to specify what terms of the agreement were breached."). The Complaint here is devoid of any reference to the terms of an alleged contract. Instead, it merely concludes that a contract was breached. Such a vague allegation does not support a viable claim. *See, e.g. Scheck v. Francis,* 26 N.Y.2d 466, 260 N.E.2d 493, 311 N.Y.S.2d 841 (1970); *New Dimension Solutions, Inc. v. Spearhead Sys. Consultants, (US) Ltd.,* 28 A.D.3d 260, 814 N.Y.S.2d 96, 97 (1st Dep't 2006) ("[t]he complaint is too vague and confusing to have apprised defendant Spearhead sufficiently of the occurrences plaintiff []intended to prove and the material elements of each cause of action (CPLR 3013).").

Further, Plaintiff fails to plead facts which would link any damages to the alleged breach. "In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint . . . . Where a party has failed to come forward with evidence sufficient to demonstrate damages flowing from the breach alleged and relies, instead, on wholly speculative theories of damages, dismissal of the breach of contract claim is in order." *Lexington 360 Assoc. v. First Union Nat. Bank of North Carolina,* 234 A.D.2d 187, 189-190, 651 N.Y.S.2d 490, 492 (1st Dep't 1996) (internal quotations and citations omitted). Plaintiff's bald statement, with no support and no specificity, that he "has been damaged in the amount of ONE MILLION DOLLARS and 00/100 ($1,000,000.00)" (*see* Complaint at ¶21) is clearly "speculative" and does not meet even the lowest threshold for pleading damages in a breach of contract case.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claim must be dismissed in its entirety with

prejudice.

Dated: New York, New York
        August 7, 2007

                                        Respectfully submitted,

                                        SONNENSCHEIN NATH & ROSENTHAL LLP

                                        By: _Rebecca Hughes Park_
                                        Rebecca Hughes Parker
                                        1221 Avenue of the Americas
                                        New York, NY 10020
                                        (212) 768-6700
                                        (212) 768-6800 (fax)

                                        Amy L. Bess
                                        1301 K Street, N.W.
                                        Suite 600-East Tower
                                        Washington, D.C. 20005
                                        (202) 408-6400
                                        (202) 408-6399

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------X
                         )

DELLY BRAMMER,             )
                         )
        Plaintiff,     )
                         )     Index No. 16520/07
                         )
                         )     **AFFIDAVIT OF SERVICE**
                         )
       v.               )
                         )
WILLIAMS LEA INC.      )
                         )
        Defendant.   )
----------------------------------------------------------X

STATE OF NEW YORK     )
                        ) ss.:
COUNTY OF NEW YORK  )

      KAREN A. OGLE, being duly sworn, deposes and says:

1.     I am not a party to this action, am over 18 years of age and am employed by

Sonnenschein Nath & Rosenthal LLP, attorneys for Defendant Williams Lea Inc.

2.     On the 7th day of August, 2007, I served the accompanying:

- Notice Of Defendant's Motion To Dismiss The Complaint;

- Memorandum of Law of Defendant Williams Lea Inc. In Support Of Its Motion To Dismiss The Complaint;

- Affidavit of Karen Scimeca in Support Of Defendant Williams Lea Inc. Motion To Dismiss The Complaint;

- Affirmation of Rebecca Hughes Parker to transmit documentary evidence supporting Defendant Williams Lea's Memorandum Of Law In Support Of Its Motion To Dismiss The Complaint; and


RECEIVED
BRONX COUNTY CLERK'S OFFICE
AUG - 8 2007
NO FEE

- Request for Judicial Intervention

upon the following by overnight delivery:

Delly Brammer
1818 Bussing Avenue
Bronx, NY 10466
(718) 324-8102

*Plaintiff Pro Se*

Karen A. Ogle

Sworn to and subscribed before me
this 7th day of August, 2007

ALESSANDRA LOVREN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 31-4981830
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 20, 20 11

- 2 -

*Index No.* 16520/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DELLY BRAMMER,

Plaintiff,

-against-

WILLIAMS LEA, INC.,

Defendants.

*AFFIDAVIT OF SERVICE*

SONNENSCHEIN NATH & ROSENTHAL LLP

ATTORNEYS FOR    Defendants

1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
(212) 768-6700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Assigned: JUDGE FRIEDLANDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DELLY BRAMMER,                                    Index No. 16520/07

                 Plaintiff,         AFFIDAVIT IN OPPOSITION
                                                  TO MOTION TO DISMISS
   v.                                            COMPLAINT

WILLIAMS LEA, INC.,

                 Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

COUNTY OF BRONX     )
                          ss.
STATE OF NEW YORK   )

       DELLY BRAMMER, being duly sworn, deposes and states:

       1.       I am the Plaintiff pro se in this action.  I make this Affidavit in Opposition to

Defendant's motion to dismiss the Complaint.

       2.       I believe that my employment with Defendant was a continuing contractual

relationship, despite the absence of a written employment contract.  My employment consisted of

my working full time as a supervisor in exchange for my status as an employee who received

hourly pay.

       3.       The facts found in the Complaint state valid causes of action based upon

Federal and state law that protect employees from sexual harassment, a hostile work

environment, and unlawful discharge or retaliation.

4.    The damages I suffered included those incurred from working in a hostile and unsafe work environment, and from unlawful discharge.

5.    Consequently, I believe that the causes of action of the Complaint cannot be dismissed and Defendant's instant motion must fail.  I attach a Memorandum of Law in support of this contention.

6.    The following contains facts regarding my tenure as employee of Defendant:

7.    I was employed by Defendant from May 1, 1989 until March 10, 2006.  My last position was "shift supervisor."  My performance evaluations were always satisfactory or better and I never received any criticism about my performance.  The work site was located in a copy center within a financial institution.

8.    While working with one manager, I was not able to have a conversation with him without his making a sexual comment.  For example, on one occasion, after entering his office to discus work related issues, he instructed me to pull down an African doll's skirt/barrel he had on his desk which revealed a penis.  In another instance he was explicit in inquiring if I was having a sexual relationship with a female co-worker.  This manager also informed me that he only hired another co-worker of mine because he was having a sexual relationship with her sister and on other occasions he would also recommend the best gentlemen's (strip) club without me asking him anything.  Additionally, I was also informed by another co-worker that Mr. Rodriguez called him into his office and showed him a tape of himself having sexual intercourse.

9.    The second manger also displayed lack of respect for me by making rude comments.  For example, on one occasion when I returned from my sick leave he commented that I should inform another co-worker that he infected me with the HIV virus.  When another

2

employee asked this manager for a raise I saw the manager grab his private parts and exclaim "RAISE THIS!"

10.    The third manager also displayed a very poor level of conduct.  On numerous occasions he began discussing topics openly related to sex.  For example, he discussed Paula Abdul's alleged sexual relationship with an American Idol contestant in a very graphic manner.

11.    Actions by these managers trickled down to the regular staff resulting in a very hostile work environment.  Whenever sexual or inappropriate language was used, co-workers were expected to get in a cheer-leading role and applaud.  Graphic pornographic material was regularly distributed.

12.    These managers treated me like an outcast because I did not respond positively to their sexual conversations and actions.

13.    On February 9, 2005, there was an incident with me and another co-worker in which I was assaulted.  After discussing this incident with an Human Resources representative, Theresa Zeno, I then began to inform her, and I filed a complaint, regarding the manager's ongoing inappropriate behavior which resulted in lack of respect and hostility within the working environment.

14.    After my discussion with her I noticed Ms. Zeno began avoiding me and the three managers began treating me aggressively.  In June 2005, I left a message with the Human Resources department for Ms. Zeno to contact me regarding the issues mentioned and my call was never returned.

15.    On October 13, 205 I complained to the new manager, Anthony Mercado, about the treatment that was being handed down to me and his comment was: "I am here to renew the contract for the company and nothing is going to stop me from signing this contract

even if I have to separate the complainers or transfer them to other facilities." He then said that

he did this at his other work site before.

16.     In December 2005, I again made an attempt to discuss the issues with Mr.

Mercado and was threatened with termination.

17.     The pattern of sexual innuendo and harassment continued through to the end

of my employment with Defendant in March, 2006.

18.     On March 3, 2006, I telephoned Theresa Zeno to restate my complaint and

her response was anything you have to say, say it to Anthony Mercado, he is the one in charge of

your site. On March 10, 2006, the Defendant terminated my employment.

19.     I filed a complaint with the U.S. Equal Employment Opportunity Commission

(EEOC Charge No.: 570-2007-00656; Brammer v. William Lea, Inc.). However, I received

notice from the Commission on or about April, 2007 that my complaint was denied through a

Dismissal and Notice of Rights letter. This letter advised me that I could file a lawsuit based

upon Title VI within 90 days of receipt, in state court. I did so and began this action.

     I swear under penalty of perjury that the foregoing statements are true and correct to the

best of my knowledge and belief.

DELLY BRAMMER

Sworn to before me this
31 day of October, 2007

Notary Public

JOSEPH PEREIRA
Notary Public, State of New York
No. 03-4813957
Qualified in Bronx County
Commission Expires March 30, 2010

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Assigned: JUDGE FRIEDLANDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DELLY BRAMMER,                                              Index No. 16520/07

               Plaintiff,

     v.

WILLIAMS LEA, INC.,

               Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT

5

## TABLE OF CONTENTS

INTRODUCTION                                                                    1

FACTS                                                                           1

ARGUMENT                                                                        1

    a.  The Instant Motion Must Fail as a Matter of Law Because
There Exist Issues of Fact                                                      1

    b.  The Cause of Action Based Upon Hostile Work Environment Must Be Decided
On The Merits                                                                   2

    c.  The Cause of Action Based Upon Unlawful Discharge or Retaliation Must Be
Decided On The Merits                                                           3

    d.  Even If The Cause Of Action Of Hostile Workplace Environment Is
Dismissed, The Cause of Action Based Upon Unlawful Discharge or Retaliation
Will Stand                                                                      5

    e.  Despite The At-Will Discharge Principle, Plaintiff Is Able
To Bring An Action Under Relevant Federal Statute                               5

CONCLUSION                                                                      6

## TABLE OF AUTHORITIES

### CASES

Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 508 N.Y.S.2d 923, 501 N.E.2d 572 (1986)    2

Andre v. Pomeroy, 35 N.Y.2d 361, 362 N.Y.S.2d 131, 320 N.E.2d 853 (1974)    2

Croushorn v. Board of Trustees; 518 F. Supp. 9, 30 BNA FEP Cas. 168 (MD Tenn, 1980)    5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
    EEOC Dec. P 6491, EEOC Dec. No. 75-225, 1976 WL 40212 (E.E.O.C. 1976)    5

Equal Employment Opportunity Com. v. International Union of Operating Engineers,
    438 F.Supp. 876 (SDNY).    4

Hearth v. Metropolitan Transit Commission, 436 F.Supp. 685, 18 Fair Empl. Prac. Cas. (BNA) 329,
    15 Empl. Prac. Dec. (CCH) ¶ 8077 (D. Minn. 1977).    5

Novotny v. Great American Federal Sav. & Loan Asso., 584 F.2d 1235 (Ca3 Pa.),
    vacated on other gnds, 442 U.S. 366, 60 L.Ed.2d 957, 99 S.Ct. 2345    4

Rand v. CF Indus., 797 F.Supp. 643 (ND Ill, 1992), summary judgment gr. Dismd on other grounds;
    1998 US Dist LEXIS 17938    5

Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 83 Fair Empl. Prac. Cas. (BNA) 844 (S.D.N.Y. 1998)    3

State Div. of Human Rights ex rel. Cottongim v. County of Onondaga Sheriff's Dep't,
    71 N.Y.2d 623, 528 N.Y.S.2d 802, 524 N.E.2d 123 (1988)    5

Swage v. Inn Philadelphia, 72 Fair Empl. Prac. Cas. (BNA) 438,
    68 Empl. Prac. Dec. (CCH) ¶ 44153, 1996 WL 368316 (E.D. Pa. 1996)    2

### STATUTES

CPLR Rule 3211    1

CPLR Rule 3212(b)    1

42 U.S.C.A §§ 2000e et seq.    2, 3, 4, 5, 6

N.Y. Exec. Law § 296(e)    2, 3, 4, 5

U.S. Const., Article VI, cl. 2    5

### TREATISES

*Sexual Harassmnet - Employee Liability*, 94 A.L.R.5th 1, ¶2[a]    3

Plaintiff Delly Brammer, representing himself pro se, respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss the Complaint.

## INTRODUCTION

I started this lawsuit because, as stated in the Complaint, I was sexually harassed and suffered in a workplace that was unsafe and was a hostile work environment. In addition, after I reported these workplace conditions, which were violative of legal protections afforded me by federal and state statute, to my supervisors, the employees of Defendant, I was fired. This dismissal constitutes an unlawful discharge/retaliation. It is respectfully submitted that the Complaint does not only state a cause of action based upon breach of contract, hostile workplace environment, and unlawful discharge. As the instant motion to Dismiss does not address these causes of action, it must fail.

## FACTS

Plaintiff reiterates the facts stated in the Complaint and in my Affidavit.

## ARGUMENT

A.  The Instant Motion Must Fail as a Matter of Law Because There Exist Issues of Fact

Movant cannot succeed because it has not set forth a *prima facie* case to dismiss the Complaint. Rule 3211 of the CPLR adopts the evidentiary rules of Rule 3212(b) of the CPLR, which states that a motion for summary judgment "shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit."

1

On a Motion for Summary Judgment, the test to be applied is whether triable issues of fact exist or whether on the proof submitted Judgment can be granted to a party as a matter of law. Andre v. Pomeroy, 35 N.Y.2d 361, 362 N.Y.S.2d 131, 320 N.E.2d 853 (1974). The movant must set forth a prima facie showing of entitlement to Judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Alvarez v. Prospect Hospital, 68 N.Y.2d 320, 508 N.Y.S.2d 923, 501 N.E.2d 572 (1986).

Movant has not set forth a *prima facie* showing of entitlement to dismiss the Complaint. Defendant has been unable to set forth any documentary evidence showing that the Complaint has no merit or does not put forth an action. Instead, Defendant merely points to the absence of a written employment agreement.

B. The Cause of Action Based Upon Hostile Work Environment Must Be Decided On The Merits

Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §§ 2000e et seq. and New York's Human Rights Law (HRL), N.Y. Exec. Law § 296(e) protects employees from a hostile workplace environment or unlawful discharge/retaliation.

As averred, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission. Upon denial, Plaintiff was given notice that he had 90 days to begin an action in state Court based upon Title VII. Plaintiff did so.

Although most claims of sexual harassment causing a hostile workplace environment are brought by women, state courts have found same sex harassment based upon acts of a male supervisor against an aggrieved male employee to be actionable. For example, in Swage v. Inn Philadelphia, 72 Fair Empl. Prac. Cas. (BNA) 438, 68 Empl. Prac. Dec. (CCH) ¶ 44153, 1996 WL 368316 (E.D. Pa. 1996), the court, in applying Title VII, found the employee stated a claim for same-sex harassment. Plaintiff believes that he was a victim a sexual harassment due to the

2

constant sexual innuendos he received from his managers, which implicated sexual activities on his part, and caused a pervasively hostile workplace environment.

Most state court decisions have found that if the person charged with creating a hostile work environment is a supervisor with immediate or successively higher authority over the employee, then the employer will be ultimately liable for the supervisor's sexual harassment, provided that a tangible employment action was taken against the employee. *Sexual Harassmnet - Employee Liability,* 94 A.L.R.5th 1, ¶2[a], 29.  See also Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 83 Fair Empl. Prac. Cas. (BNA) 844 (S.D.N.Y. 1998) (building owner and leasing agent, by their inaction, condoned the harassment of plaintiff by their supervisory employees; plaintiff complained to a supervisor but was told to keep quiet, and the failure by building owner or leasing agent to investigate or take remedial action supported a claim for constructive unlawful discharge of plaintiff).

Plaintiff has suffered a hostile workplace environment, and once he complained to upper management, Defendant took no remedial action to rectify the situation.  When Plaintiff again complained to management, he was discharged.

C.  The Cause of Action Based Upon Unlawful Discharge or Retaliation Must Be Decided On The Merits

Whether or not it is ultimately decided that Defendant is liable to Plaintiff due to the existence of a hostile working environment, Plaintiff has engaged in statutorily protected activity by actively opposing unlawful employment practices. 42 U.S.C.A. § 2000e-3 prohibits discriminatory reprisals against an employee seeking to exercise the statutory protections found in Title VII.  Under the Opposition clause of 42 U.S.C.A. § 2000e-3 ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice"), an employer may be

3

liable to a wrongfully discharged employee who has opposed unlawful employment practices. Additionally, under N.Y. Exec. Law § 296(e) it is unlawful "[f]or any employer . . . to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article . . ."

In order to show retaliation under 42 U.S.C.A. § 2000e-3, plaintiff must establish three elements: (1) protected participation or opposition under Title VII known by retaliator, (2) employment action or actions disadvantaging person or persons engaging in protected activities, and (3) causal connection between the first two elements. Equal Employment Opportunity Com. v. International Union of Operating Engineers; 438 F.Supp. 876 (SDNY). Here, Plaintiff complained to the upper echelons of management, and instead of management taking remedial action, discharged Plaintiff. The facts show that upper management, including Theresa Zeno and Anthony Mercado, who directly supervised Plaintiff, knew of Plaintiff's complaints concerning the hostile workplace environment, and these individuals were behind Defendant's discharge of Plaintiff.

Even though Plaintiff was discharged before Plaintiff filed any complaint with any government agency, and limited his complaint to notification of upper management, such action is nevertheless viewed by courts as opposition under the Opposition clause. The employee's opposition to unlawful employment practice need not be manifested through involvement with formal charges or litigation under Title VII to receive protection of 42 U.S.C.A. § 2000e-3. An employee's antipathy towards to unlawful employment practice need not be manifested through involvement with formal charges or litigation under Title VII to receive protection under the Opposition clause. Novotny v. Great American Federal Sav. & Loan Asso., 584 F.2d 1235 (Ca3 Pa.), vacated on other gnds, 442 U.S. 366, 60 L.Ed.2d 957, 99 S.Ct. 2345.

4

    D.   Even If The Cause Of Action Of Hostile Workplace Environment Is Dismissed, The Cause of Action Based Upon Unlawful Discharge or Retaliation Will Stand

It is not necessary under the Opposition clause of 42 U.S.C.A. § 2000e-3 that an employer actually be guilty of employment discrimination opposed by the employee in order for the employee to be protected from unlawful discharge. The Opposition clause requires only reasonable belief on the employee's part that the employer was engaged in unlawful employment practice. Croushorn v. Board of Trustees; 518 F. Supp. 9, 30 BNA FEP Cas. 168 (MD Tenn, 1980). See also Hearth v. Metropolitan Transit Commission, 436 F.Supp. 685, 18 Fair Empl. Prac. Cas. (BNA) 329, 15 Empl. Prac. Dec. (CCH) ¶ 8077 (D. Minn. 1977). It is firmly established that protection of Title VII extends to invalid allegations. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, EEOC Dec. P 6491, EEOC Dec. No. 75-225, 1976 WL 40212 (E.E.O.C. 1976).

    E.   Despite The At-Will Discharge Principle, Plaintiff Is Able To Bring An Action Under Relevant Federal Statute

Although Defendant provides New York case law which points to the "at-will discharge principle" that allows an employer to freely terminate an employment relationship, the at-will discharge principle must give way if it conflicts with a federal statute under the Supremacy Clause of Article VI, cl. 2 of the United State Constitution, so that the employee will be allowed to bring an action under the relevant federal statute. For example, the Age Discrimination in Employment Act pre-empts an employer's right under state common law to discharge his employee. See Rand v. CF Indus., 797 F.Supp. 643 (ND Ill, 1992), summary judgment gr. Dismd on other grounds; 1998 US Dist LEXIS 17938. Additionally, New York courts have found that the Human Rights Law barring employment discrimination would also

apply to an "at-will" employee.  <u>See</u> <u>State Div. of Human Rights ex rel. Cottongim v. County of</u> <u>Onondaga Sheriff's Dep't</u>, 71 N.Y.2d 623, 528 N.Y.S.2d 802, 524 N.E.2d 123 (1988).

In the case at hand, Plaintiff's employment may have been "at-will," but Title VII, 42 U.S.C.A §§ 2000e et seq., pre-empts a state's common law that would otherwise render the federal law ineffectual.  Consequently, Plaintiff has a valid cause of action under Title VII for a hostile work environment and unlawful discharge.

## CONCLUSION

For the reasons set forth above, the instant motion must be denied in the entirety.

Dated:  Bronx, New York
       October ___, 2007

Respectfully submitted,

By: David Brammer
     Plaintiff pro se
     1818 Bussing Avenue
     Bronx, NY  10466
     (718) 324-8102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------X
                                   )

DELLY BRAMMER,               )

           Plaintiff,          )      Index No. 16520/07

                       )

         v.             )

WILLIAMS LEA INC.       )

           Defendant.     )
----------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Williams Lea Inc. ("Williams Lea") by its attorneys Sonnenschein

Nath and Rosenthal LLP, respectfully submits this reply memorandum of law in further support

of Williams Lea's motion to dismiss Plaintiff Delly Brammer's Complaint (the "Complaint") in

its entirety, with prejudice, pursuant to New York Civil Practice Law and Rules 3211(a)(1), (7).

### FACTS

Defendant filed and served its Motion to Dismiss the Complaint ("Motion") on

August 7, 2007, on the grounds that Plaintiff purported to sue for breach of contract, yet his

Complaint failed to state a claim for breach or contract.  (Affirmation of Rebecca Hughes Parker,

dated November 1, 2007 ("Parker Aff")), ¶ 3. The facts surrounding this action are recited in the

Memorandum of Law that accompanied that Motion and are incorporated herein by reference.

Defendant specified a return date for the Motion on September 28, 2007, more

than six weeks after it filed the Motion  *Id.*  Plaintiff nevertheless sought and received an

extension of time from the Court until November 2, 2007 (almost three months after the Motion

was filed and served). Parker Aff, ¶ 6.  Defendant received Plaintiff's opposition  papers - an

affidavit and memorandum of law ("Op. Br") - by overnight mail on November 1, 2007, just one day before the extended return date. Parker Aff, ¶ 7.

### ARGUMENT

**1.    Plaintiff's Late Opposition Papers Should be Stricken**

In the absence of a schedule for Plaintiff's service of his opposition papers, this Court should look to the CPLR for guidance. Per the CPLR's requirement, Plaintiff's opposition papers were untimely. The CPLR mandates that answering papers be served at least seven days before the return date if the notice of motion is served at least 12 days before the return date demands. CPLR 2214(b). Here, the original motion was served August 7, 2007, and Plaintiff sought an extension on September 28, 2007 -- a more than generous period of time for Plaintiff to oppose the Motion. Nevertheless, Plaintiff did not serve Defendant with his Opposition until October 31, giving Plaintiff less than one day to file a reply in compliance with CPLR 2214(b), which states that reply papers must be served one day before the return date. Plaintiff's untimely opposition papers accordingly should be stricken.

**2.    The Complaint Fails to State a Cause of Action for Breach of Contract**

The Complaint attempts to state only one cause of action: for breach of contract. There is no mention of any federal statute in the Complaint, nor any assertion of a statutory claim by Plaintiff. *See generally,* Complaint. Plaintiff's Opposition Memorandum of Law and his Affidavit appear to be directed to the defense of a different Complaint than the one Plaintiff filed with this Court. Specifically, the papers Plaintiff served continuously refer to statutes that are not implicated by or even mentioned in the Complaint, such as 42 U.S.C.A. §2000e-3 and N.Y. Exec. Law § 296(e). *See* Op. Br. at 3-4. Plaintiff concludes his memorandum of law by stating "Plaintiff has a valid cause of action under Title VII." Yet strikingly, Plaintiff's Complaint is not based on Title VII. *See* Op. Br. at 6.

As noted in Defendant's moving papers, the Complaint does not state a cause of action to which Williams Lea can reply. It does not mention any statute - it simply refers to a breach of contract. No contract exists or ever existed between Plaintiff and Defendant, nor can Plaintiff point to one. The Complaint accordingly must be dismissed.

Dated:  November 1, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _Rebecca Hughes Parke_
Rebecca Hughes Parker
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax:  (212) 768 6800
rhparker@sonnenschein.com

Amy L. Bess, D.C. Bar No. 418985
1301 K Street, N.W., Suite 600 - East Tower
Washington, D.C.  20005
Tel:  (202) 408-6400
Fax:  (202) 408-6399
abess@sonnenschein.com

*Attorneys for Defendant Williams Lea Inc.*

17578247\V-2

*Index No.*

SONNENSCHEIN NATH & ROSENTHAL LLP

ATTORNEYS FOR

1221 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10020

(212) 768-6700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

DELLY BRAMMER,

               Plaintiff,

          v.

WILLIAMS LEA INC.

               Defendant.

-------------------------------------------------------------X

Index No. 16520/07

**AFFIRMATION OF
REBECCA HUGHES PARKER**

    I, REBECCA HUGHES PARKER, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury, pursuant to CPLR § 2106, that:

    1.    I am associated with the firm of Sonnenschein Nath & Rosenthal LLP, counsel to defendant Williams Lea Inc. ("Williams Lea") in the above-captioned matter.

    2.    I make this affirmation in further support of Defendant Williams Lea Inc.'s Motion to Dismiss the Complaint.

    3.    On August 7, 2007, Williams Lea served and filed a Notice of Motion to Dismiss the Complaint ("Motion"), a Memorandum of Law, and an Affidavit in support of the Motion. Williams Lea specified a return date of September 28, 2007, a date more than six weeks after it filed the motion, to give the *pro se* plaintiff sufficient time to oppose the Motion should he choose to do so.

    4.    A clerk in the Supreme Court, Bronx County, left a message for the undersigned counsel for Defendant on September 28, 2007, indicating that Mr. Brammer had sought an extension of time to file an opposition to Defendant's Motion.

5.     The undersigned counsel for Defendant left a message for Mr. Brammer the next week, and received a message from him on October 3, 2007 stating that he intended to file a request for an extension with the Court, and indicating that he would send copies of his papers to the undersigned counsel by mail.

6.     Soon after, the court docket reflected that an extension had been granted until November 2, 2007 for Mr. Brammer's opposition.  The undersigned counsel for Defendant called Your Honor's part, and was told the extension was done "per the part".  The undersigned counsel emphasized that Defendant would need an opportunity to reply to any opposition Mr. Brammer filed, as per the New York Civil Practice Law and Rules, and counsel was assured that Defendant would receive one.

7.     The undersigned counsel for Defendant received Mr. Brammer's opposition papers by overnight Fedex on November 1, 2007, one day before the return date.


Dated November 1, 2007


_Rebecca Hughes Parker_
Rebecca Hughes Parker


17569344

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X
                                    )

DELLY BRAMMER,                  )
                                    )

           Plaintiff,        )

                                    )    Index No. 16520/07

                                    )    **AFFIDAVIT OF SERVICE**

                                    )

        v.                   )

                                    )

WILLIAMS LEA INC.          )

                                    )

         Defendant.     )
------------------------------------------------------------X

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

      KAREN A. OGLE, being duly sworn, deposes and says:

      1.      I am not a party to this action, am over 18 years of age and am employed by

Sonnenschein Nath & Rosenthal LLP, attorneys for Defendant Williams Lea Inc.

      2.      On the 1st day of November, 2007, I served the accompanying Reply

Memorandum of Law in Further Support of Defendant Williams Lea Inc.'s Motion to Dismiss

the Complaint and Affirmation of Rebecca Hughes Parker in Support upon the following by

overnight delivery:

Delly Brammer
1818 Bussing Avenue
Bronx, NY 10466
(718) 324-8102

*Plaintiff Pro Se*

Karen A. Ogle
—————————————
Karen A. Ogle

Alessandra Lovren
—————————————
Sworn to and subscribed before me
this 1st day of November, 2007

ALESSANDRA LOVREN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 31-4981830
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 20, 20 11

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

---------------------------------------------------------------X

| | Case Disposed ☐ |
|---|---|
| | Settle Order ☐ |
| | Schedule Appearance ☐ |

**BRAMMER,DELLY**                          Index Nº.  **0016520/2007**

                    -against-                Hon.. **MARK FRIEDLANDER**  ,

**WILLIAMS LEA INC.**                                Justice.

---------------------------------------------------------------X

The following papers numbered 1 to _4_ Read on this motion, **DISMISSAL**
Noticed on **September 28 2007** and duly submitted as No. _94_ on the Motion Calendar of _11/02/07_

|  | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1 - 2 | |
| Answering Affidavit and Exhibits | 3 | |
| Replying Affidavit and Exhibits | 4 | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion by Defendant to dismiss the Complaint for failure to state a cause of action, and based on documentary evidence, is DENIED.  Defendant seeks to dismiss the action based on Plaintiff's single assertion, in the Complaint (paragraph 21), that Defendant "breached the contract."  Defendant argues strenuously that Plaintiff had no contract of employment and was an employee at will (the documentary evidence from Defendant is intended to prove employment at will).  However, in the remainder of the Complaint, Plaintiff recites facts which arguably make out a claim of sexual harassment and of retaliation for complaining (by the firing of Plaintiff), which claim is viable under various federal, state and city statutes. Thus, it appears that the claim herein is not based on breach of contract. In its reply, defendant further argues that Plaintiff's claim, as delineated in the factual averments in the Complaint, must fail because Plaintiff has failed to cite the statutory provisions supporting his claim.  However, it is well settled that these failures are not determinative of a motion to dismiss, where the nature of the claim can be discerned from the pleading (particularly where, as here, Plaintiff is proceeding pro se).  Issues of election of remedies by Plaintiff are not raised by movant and cannot be adjudicated based on the inadequate facts set forth in these submissions. Plaintiff refers to a dismissal of his claim by the US EEOC, but fails to attach a copy.  Plaintiff is hereby given 30 days from the date of this Order to serve an amended Complaint, deleting the reference to breach of contract, clarifying the statutory violations which underlie his claim, and further clarifying whether the instant action is intended as a Complaint under Executive Law Section 297(9) or a Petition for review under Executive Law 298 (or some other available choice not anticipated herein). This constitutes the Decision and Order of this Court.

Dated:

Dated: _11 / 14 / 07_

Hon._____

**MARK FRIEDLANDER, J.S.C.**

*Service Copy*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DELLY BRAMMER,

                 Plaintiff,

     v.

WILLIAMS LEA, INC.,

                 Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 16520/07

AMENDED COMPLAINT

## PREAMBLE

Plaintiff files this Amended Complaint, pursuant to the Decision and Order of the Honorable Mark Friedlander, dated November 14, 2007, which Decision and Order granted leave to Plaintiff to Amend his Complaint. (attached as Exhibit 1)

Plaintiff, complaining of Defendant, respectfully alleges and hereby prays for the relief as follows:

1.     Plaintiff alleges violations by Defendant of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.*, the New York's Human Rights Law (HRL), N.Y. Exec. Law §290 *et seq.* and the New York City Human Rights Law, NYC Administrative Code §8-101 *et seq.* Plaintiff invokes the jurisdiction of this Court pursuant to New York's Human Rights Law (HRL), N.Y. Exec. Law §296(e) and §297(9), the New York City Human Rights Law, and 42 U.S.C. §§ 2000(e) *et seq.*

2.     The proper venue of this action is in this Court as Plaintiff was residing and/or working in this State and County at the time of the illegal treatment.

## THE PARTIES

3.      Plaintiff is a citizen of the State of New York and resides in the County of the Bronx.

4.      Upon information and belief, Defendant is either incorporated in the State of New York or is a corporation doing business in the State of New York and which has a place of business located in the State of New York.

5.      At all times relevant, Defendant was an "employer" within the meaning of N.Y. Executive Law §297.9 and Title 8 of the New York City Administrative Code, and Title VII, and conducted business in interstate commerce.

## ADMINISTRATIVE PROCEDURES

6.      Plaintiff timely filed a charge of discrimination, harassment and unlawful discharge and/or retaliation with the Equal Employment Opportunity Commission and the New York State Division of Human Rights on or about December 26, 2006. (Exhibit 2)

7.      On or about March 19, 2007 the Equal Employment Opportunity Commission issued Plaintiff "Notice of Right to Sue" entitling Plaintiff to commence this action within ninety days of receipt of that notice.  Plaintiff received the "Notice of Right to Sue" on or about April 1, 2007.  (A copy of the "Notice of Right to Sue, " is attached as Exhibit 3).

8.      The Verified Complaint in this action was filed with this Court on June 20, 2007, within 90 days from the receipt of the "Notice of Right to Sue."

## GENERAL ALLEGATIONS

9.      On May 1, 1989, Plaintiff was hired by Defendant WILLIAMS LEA, INC., which was formerly known as Bowe Business Solutions, Inc.

10.    That at all times hereinafter mentioned, Defendant did employ Plaintiff to work at its premises located at 11 Madison Avenue, New York, NY 10010.

11.    At all relevant times, Plaintiff performed his duties in an acceptable, professional and highly competent manner and received satisfactory or better performance evaluations.

12.    But for the matters complained of in this Amended Complaint, Plaintiff would still be an employee of Defendant.

13.    Plaintiff was terminated on March 10, 2006, at which time Plaintiff was "shift supervisor".

14.    Commencing in 2004 through to his termination, Plaintiff was subjected to harassment, unequal treatment and a hostile work environment by three of his supervisors at Defendant, Max Rodriguez, Hernan Castro and Calvin Benjamin.

15.    The harassment and hostile work environment consisted of sexually inappropriate comments, jokes, conversations, sexually appropriate dolls, and graphic sexual material distributed or displayed in the work premises

16.    On numerous occasions throughout 2004, 2005 and 2006, Defendant's manager Max Rodriguez, made sexual comments to Plaintiff, including Max Rodriguez recommending the best gentlemen's (strip) club to Plaintiff, asking me if I was having a sexual relationship with a female co-worker and telling me that he had hired another female co-worker because he was having an affair with her.  Mr. Rodriguez also kept a doll on his desk and he would pull down the doll's pants to reveal its penis.

17.    On numerous occasions in 2004, 2005 and 2006, Defendant's manager Hernan Castro made sexual comments to Plaintiff, including in 2005, when Plaintiff returned from a sick

leave, Hernan Castro commenting that Plaintiff should inform another co-worker that Hernan Castro had infected Plaintiff with the HIV virus.

18.     On one occasion, when a co-employee asked Mr. Castro about a raise, I observed Mr. Castro grab his crotch and heard him say "raise this".

19.     On another occasion, a male co-worker informed me that Mr. Rodriguez had called my co-worker into his office and showed my co-worker a tape of Mr. Rodriguez having sexual intercourse.

20.     The openly sexually inappropriate actions of these three managers trickled down to the workplace staff, resulting in a hostile work environment for both my co-workers and myself.  Whenever sexual or inappropriate language was used, co-workers were expected to get in a cheerleading role and applaud.  Graphic pornographic material was regularly distributed.

21.     Although aware of the sexually inappropriate misconduct on the part of these three managers, other supervisors refused to intervene on Plaintiff's behalf or to prohibit the illegal conduct of Mr. Rodriguez and Mr. Castro.

22.     On February 9, 2005, I was assaulted by a co-worker, which I reported to Human Resources.

23.     On or about February 10, 2005, Plaintiff went to Defendant's Human Resources Department to discuss the assault. At that time Plaintiff spoke to Defendant's Human Resources Manager, Theresa Zeno, about the conditions at work and Plaintiff filed two complaints: the first for the assault and the second for the ongoing sexually inappropriate behavior exhibited by Mr. Rodriguez and Mr. Castro which had resulted in a hostile working environment.

24.    The verbal complaint that Plaintiff filed in February 2005 with Human Resources Manager, Theresa Zeno, clearly stated that Plaintiff believed he was being sexually harassed by his managers.

25.    After Plaintiff filed his sexual harassment complaint with Human Resources, the managers began to treat Plaintiff aggressively.

26.    Having not heard from Human Resources about his complaint, starting in June 2005, Plaintiff began to make telephone calls to Ms. Zeno and Plaintiff left messages for Ms. Zeno, requesting she get back to him concerning her investigation of his complaint. However, Plaintiff did not get any response.

27.    On or about October 13, 2005, Plaintiff complained to Defendant's new manager, Anthony Mercado, about the sexually inappropriate treatment being suffered by Plaintiff and other employees at the hands of Mr. Rodriguez and Mr. Castro, and the aggressive conduct suffered by Plaintiff after his complaint to Human Resources. However, Mr. Mercado refused to intervene or to reprimand or otherwise prohibit the sexually inappropriate conduct of Mr. Rodriguez and Mr. Castro.

28.    In December 2005, Plaintiff again made another attempt to discuss with Manager Mercado the sexually inappropriate actions and the aggressive conduct toward Plaintiff, for which Plaintiff was threatened with termination.

29.    On or about March 3, 2006, Plaintiff again telephoned H.R. Manager Theresa Zeno, to follow up and reiterate Plaintiff's complaints about the supervisors, but Plaintiff was told to take the matter to the Manager, Anthony Mercado.

30.    Theresa Mercado refused to reprimand or otherwise prohibit the sexual misconduct of Mr. Rodriguez or Mr. Castro.

31.    On March 10, 2006, the Defendant terminated Plaintiff's employment.

32.    Defendant is responsible and liable as an employer for the actions of its employees Theresa Zeno, Anthony Mercado, Max Rodriguez and Hernan Castro toward Plaintiff for one or more of the following reasons:

a.    Theresa Zeno, Anthony Mercado, Max Rodriguez and Hernan Castro were supervisor, manager or executives of Defendant with real and apparent authority to make personnel decisions.

b.    Theresa Zeno and Anthony Mercado, were made aware of Max Rodriguez' and Hernan Castro's conduct toward Plaintiff and other employees.

c.    With knowledge, Defendant failed to take prompt and effective remedial action to prohibit the misconduct of Max Rodriguez and Hernan Castro. By this failure, Defendant accepted and ratified the actions of Mr. Rodriguez and Mr. Castro towards Plaintiff.

d.    Defendant failed to establish or publish a policy regarding discrimination, sexual harassment, similar misconduct, and retaliation, or failed to provide any effective method by which such discrimination and retaliation could be addressed and remedied and, by such action and inaction authorized and ratified its employees discriminatory and retaliatory misconduct toward Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION

33.    Plaintiff repeats and realleges the facts and allegations stated above.

34.    The conduct of Defendant was intentional, willful and malicious, with no regard for Plaintiff's protected rights.

35.    The conduct of Defendant was severe and pervasive and created a hostile working environment for Plaintiff.

36.    The conduct of Defendant as set forth above constitutes unlawful discrimination, sexual harassment against and a hostile work environment for the Plaintiff, in violation of 42 U.S.C. § 2000(e) *et seq.*

37.    The conduct of Defendant as set forth above constitutes unlawful discrimination, sexual harassment against and a hostile work environment for the Plaintiff, in violation of the N.Y. Exec. Law §296(1)(a).

38.    The conduct of Defendant as set forth above constitutes unlawful discrimination, sexual harassment against and a hostile work environment for the Plaintiff, in violation of the N.Y.C. Administrative Code, §8-107(1)(a) and 107.13(a).

## AS AND FOR A SECOND CAUSE OF ACTION

39.    Plaintiff repeats and the facts and allegations stated above.

40.    Plaintiff engaged in statutorily protected activity by actively reporting and opposing unlawful employment practices.

41.    Plaintiff complained about the unlawful employment practices complained of to Theresa Zeno and Anthony Mercado.

42.    Within one week of Plaintiff's continued and last complaint Plaintiff was terminated.

43.    Defendant knew or should have known that its conduct violated the Human Rights laws.

44.    Defendant's conduct in terminating Plaintiff in reprisal for Plaintiff's complaints was intentional, willful and malicious, with no regard for Plaintiff's protected rights.

45.    The conduct of Defendant as set forth above constitutes unlawful discharge /retaliation and is in violation of 42 U.S.C. §§ 2000(e) et seq.

46.    The conduct of Defendant as set forth above constitutes unlawful discharge /retaliation and is in violation of N.Y. Exec. Law §296(1)(e).

47.    The conduct of Defendant as set forth above constitutes unlawful discharge /retaliation and is in violation of N.Y.C. Administrative Code, §8-107(7).


WHEREAS, Plaintiff prays for the following:

a.    Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII.

b.    Defendant be ordered to hire or rehire Plaintiff into the position Plaintiff held at the time of his unlawful termination or a position substantially similar to the one from which Plaintiff was discharged, with full salary, seniority, and benefits running from that date.

c.    Defendant be enjoined from harassing or intimidating Plaintiff on the basis of sex.

d.    Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all benefits Plaintiff would have received had it not been for Defendant's illegal action, including but not limited to lost back pay, benefits, training, promotions and seniority.

    e.    Plaintiff to be awarded compensatory damages for the emotional distress and humiliation caused by Defendant's violative actions. Plaintiff should be accorded these benefits illegally withheld from the date that Plaintiff was discharged until the date Plaintiff is installed in substantially equivalent employment, with interest on the above- withheld amounts to the date of payment.

    f.    Plaintiff prays for an award of punitive damages in an amount believed by the Court to be appropriate to punish Defendant for the willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future.

    g.    Plaintiff prays that the court award Plaintiff costs, attorneys fees and expenses of this action; and

    h.    The Court grant such additional equitable and legal relief as is proper and just.

**<u>Jury Demand</u>**:  Plaintiff demands a jury trial on all of his causes of action.

Dated:    Bronx, New York
           December 12, 2007

Respectfully submitted

By: _____
    Delly Brammer
    Plaintiff pro se
    1818 Bussing Avenue
    Bronx, NY  10466
    (718) 324-8102

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK       )
                              ) s.s.:

COUNTY OF WESTCHESTER )

      I, DELLY BRAMMER, being duly sworn, depose and say: I am the plaintiff in the within action; I have read the foregoing AMENDED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

      The grounds of my belief as to all matters not stated upon my own personal knowledge are as follows: Available records and investigation.

                                               _____
                                                DELLY BRAMMER

Sworn to before me this

/2/ day of November 2007.

_____

Notary Public

ROBERT DAVID GOODSTEIN
Notary Public, State of New York
No. 4763084
Qualified in Westchester County
Term Expires Jan. 31, 1__

NEW YORK SUPREME COURT - COUNTY OF BRONX

## PART 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

-----------------------------------------------------------X

| Case Disposed ☐ |
| Settle Order ☐ |
| Schedule Appearance ☐ |

**BRAMMER,DELLY**                              Index №.    **0016520/2007**

             -against-                         Hon..**MARK FRIEDLANDER**    ,

**WILLIAMS LEA INC.**                                              Justice.

-----------------------------------------------------------X

The following papers numbered 1 to  **4**  Read on this motion, **DISMISSAL**
Noticed on **September 28 2007** and duly submitted as No. **94**  on the Motion Calendar of **11/02/07**

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1-2 | |
| Answering Affidavit and Exhibits | 3 | |
| Replying Affidavit and Exhibits | 4 | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion by Defendant to dismiss the Complaint for failure to state a cause of action, and based on documentary evidence, is DENIED.  Defendant seeks to dismiss the action based on Plaintiff's single assertion, in the Complaint (paragraph 21), that Defendant "breached the contract."  Defendant argues strenuously that Plaintiff had no contract of employment and was an employee at will (the documentary evidence from Defendant is intended to prove employment at will).  However, in the remainder of the Complaint, Plaintiff recites facts which arguably make out a claim of sexual harassment and of retaliation for complaining (by the firing of Plaintiff), which claim is viable under various federal, state and city statutes.  Thus, it appears that the claim herein is not based on breach of contract. In its reply, defendant further argues that Plaintiff's claim, as delineated in the factual averments in the Complaint, must fail because Plaintiff has failed to cite the statutory provisions supporting his claim.  However, it is well settled that these failures are not determinative of a motion to dismiss, where the nature of the claim can be discerned from the pleading (particularly where, as here, Plaintiff is proceeding pro se).  Issues of election of remedies by Plaintiff are not raised by movant and cannot be adjudicated based on the inadequate facts set forth in these submissions.  Plaintiff refers to a dismissal of his claim by the US EEOC, but fails to attach a copy.  Plaintiff is hereby given 30 days from the date of this Order to serve an amended Complaint, deleting the reference to breach of contract, clarifying the statutory violations which underlie his claim, and further clarifying whether the instant action is intended as a Complaint under Executive Law Section 297(9) or a Petition for review under Executive Law 298 (or some other available choice not anticipated herein).
This constitutes the Decision and Order of this Court.

Dated:

Dated:  **11 / 14 / 07**

Hon. _____

**MARK FRIEDLANDER, J.S.C.**

*Exhibit 1*

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

New York State Division of Human Rights and EEOC

_State or local Agency, if any_

| Name _(indicate Mr./ Ms., Mrs.)_ | Date of Birth |
|---|---|
| DELLA BRAMMER | 6/18/64 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1818 BUSSING AVE | BRONX NY 10466 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two are named, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| William Lea Inc | | 212 351 916 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 555 Fifth Ave 4th Fl NY NY 10017 | | |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** _(Check appropriate box(es).)_

☐ RACE  ☐ COLOR  ☒ SEX Harrasment  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER _(Specify below.)_ Hostile Work Place

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest          Latest  2/14/200

☐ CONTINUING ACTION

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

See attachment

> R E C E I V E D
> DEC 29 2006
> EEOC-NYDO-CRTIU

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

| 12/28/06 | _[signature]_ |
|---|---|
| Date | Charging Party Signature |

NOTARY – _When necessary for State or Local Agency Requirements_

_[signature]_ Edward Cheng

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_

12/28/2006  Bronx NY

EDWARD CHENG
Notary Public - State of New York
NO. 01CH6036433
Qualified in Queens County
My Commission Expires

Exhibit 2

**PARTICULARS**

"I was employed by Williams Lea Inc. formerly known as Bowne Business Solutions Inc. from May 1st, 1989 until March 10th, 2006. I held various positions but the last position was "shift supervisor". My performance evaluations were always satisfactory or better and I never received any criticism about my performance.  On February 10th, 2005, I filed a complaint with The Human Resource Department about three (3) managers acting inappropriately.

On March 10th, 2006, I was then informed by the manager, Anthony Mercado, that I am being discharged for poor performance and tardiness. Prior to being discharged I never received any complaint(s) about my performance.

**During my tenure with the company I experienced the following**:

- While working with **one manager**, Mr. Rodriguez I was not able to have a conversation with him without him making some sexual comment. For example, on one occasion after entering his office to discuss work related issues he instructed me to pull down an African doll's skirt/barrel he had on his desk which revealed a penis.

  In another instance he was explicit in inquiring if I was having a sexual relationship with a female co-worker. On other occasions he would also describe the physique of other female workers, namely their gluteus.

  Mr. Rodriguez, also informed me that he only hired another co-worker of mine because he was having a sexual relationship with his sister and on other occasions he would also recommend the best gentlemen's (strip) club without me asking him anything.

  Additionally, I was also informed by another co-worker that Mr. Rodriguez called him into his office and showed him a tape of himself having sexual intercourse.

- The **second manager**, Mr. Hernan Castro, also displayed lack of respect for me by making rude comments. For example, on one occasion when I returned from my sick leave he commented that I should inform another co-worker that he infected me with the HIV virus.

When another employee asked Mr. Castro for a raise and/or increase I witnessed Mr. Castro grabbing his private part and said "RAISE THIS".

- The **third manager,** Mr. Calvin Benjamin, also displayed a very poor level of conduct. On numerous occasions he began to discuss topics openly relating to sex. For example, the Paula Abdul's alleged sexual relationship with an American Idol contestant in a very graphic manner.

On February 9th, 2005, there was an incident with me and another co-worker in which I was assaulted. After discussing this incident with an HR representative, Theresa Zeno, I then began to inform her of the managers ongoing inappropriate behavior which resulted in lack of respect and hostility within the working environment. She informed me that the company was going through a transitional period and she would take the necessary steps to rectify the issues mentioned.

After my discussion with her I noticed that Ms. Zeno began avoiding me and the three (3) managers aforementioned began treating me aggressively. In June 2005, I left a message with the HR department for Ms. Zeno to contact me regarding the issues mentioned and my call was never returned.

On October 13th, 2005 I complained to the new manager, Anthony Mercado, about the treatment that was being handed down to me an his comment was "I was here to renew the contract for the company and nothing was going to stop me from signing this contract even if I have to separate the complainers or transfer them to other facilities." He went on to say that he did this at his other work site(s) before.

In December 2005, I again made an attempt to discuss the issues with Mr. Mercado and was threatened with termination. On March 3rd, 2006, I telephoned Theresa Zena to restate my complaint and her response was anything you have to say, say it to Anthony Mercado, he is the one in charge of your site.

Attached hereto is a copy of my termination letter d/d 3/10/06.

Actions by these managers trickled down to the regular staff resulting in very hostile work environments. Whenever sexual or inappropriate languages were used, others were expected to get in a chair leading role and applaud.

One young lady Denise Hendricks was repeatedly harassed by another co worker Adolph's bones rsulting her not speaking to him in months.

Another coworker Victoria Jones stared a relationship with another coworker they would make out right there in the shop, no regard for who was looking, sit on the phone hours, you could no tell her to get off.

David levy would describe sexual act in the most graphic ways, regularly demonstrating these by swinging his hips.

Peter Poster regularly grabs his crotch use the fag word like it was a staple.

Graphic porno material was a regular distribution, unanimous letters describing this situation, was sweep under the table by Theresa Zeno.

actions by these Managers, trickled down
to the Regular Staff. Resulting in a
very hostile work environment.
Whenever sexual or inappropriate languages
used others around was regarded. Get in
the cheer leader role, and applaud.

One young lady Denise Hendricks was
repeatly ignored by another co worker
Adolphos Bones resulting her not speaking
to him for months.

Another Co worker Victoria Jones started
a relationship with another worker she
would make out right there in the
shop regards of who was looking. Sit
on the phone for hours you couldn't
tell her to get off.
David Leary would describe sexual
actions in the most graphic ways
Regularly Demonstrating his action by
swining his hips.
Peter poster Regularly Grab his crotch.
use the fag word like it was a staple
Graphic Porno Material was a regular addition

Anaymious (after Disecting the Shimster
was sweep under the Table by these
zero,

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Mr. Delly Brammer**<br>**1818 Bussing Avenue**<br>**Bronx, NY 10466** | From: | **Equal Employment Opportunity Commission**<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **570-2007-00656** | **Rosemary Wilkes, Supervisor** | **212-336-3771** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statute(s).

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          3/19/07
Spencer H. Lewis, Jr., District Director          *(Date Mailed)*

Enclosure(s)

cc:     **Respondent: William Lea, Inc.**

*Exhibit 3*

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )

                     ) ss:

COUNTY OF NEW YORK )

_____, being duly sworn, deposes and says:

I reside in                 , New York.

I am over the age of 18 years and am not a party to the within action.

     On December 13, 2007, I served the annexed: AMENDED COMPLAINT
upon SONNENSCHEIN NATH & ROSENTHAL LLP, attorneys, appearing therein for the
named defendant, in the following manner:
     By causing same in a sealed envelope to be deposited in a United States postal
receptacle, addressed to the last known address of the addressees as indicated below (the address
designated by said parties as their addresses):

                  Rebecca Hughes Parker, Esq.
                  SONNENSCHEIN NATH & ROSENTHAL LLP
                  1221 Avenue of the Americas
                  New York, NY  10020

                                        _____

Sworn to before me
December ____, 2007.

_____
NOTARY PUBLIC

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                       ) ss:
COUNTY OF NEW YORK )

     _Veronica Burns_ being duly sworn, deposes and says:

     I reside in _Bronx M 10462_, New York.

     I am over the age of 18 years and am not a party to the within action.

     On December 13, 2007, I served the annexed: AMENDED COMPLAINT
upon SONNENSCHEIN NATH & ROSENTHAL LLP, attorneys, appearing therein for the
named defendant, in the following manner:
     By causing same in a sealed envelope to be deposited in a United States postal
receptacle, addressed to the last known address of the addressees as indicated below (the address
designated by said parties as their addresses):

     Rebecca Hughes Parker, Esq.
     SONNENSCHEIN NATH & ROSENTHAL LLP
     1221 Avenue of the Americas
     New York, NY 10020

                                    _Veronica Burns_

Sworn to before me
December 13, 2007.

_____
NOTARY PUBLIC

SAURA MALAVE
Commissioner of Deeds
City of New York No. 2-7233
Certificate Filed in Bronx County
Commission Expires Dec. 01, 20_08_

COUNTY CLERK
BRONX COUNTY
07 DEC 14 PM 9: 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　　)
DELLY BRAMMER,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)　　　Index No. 16520/07
　　　　　　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)　　**NOTICE OF FILING OF**
WILLIAMS LEA INC.　　　　　　　　　　　　　　)　　**NOTICE OF REMOVAL**
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　　　　　　)
-------------------------------------------------------------X

PLEASE TAKE NOTICE that the within is a true copy of the Notice of Removal filed in the

office of the Clerk of the United States District Court for the Northern District of New York on

January 7, 2008.

　　　　Pursuant to 28 U.S.C. § 1446(d), the Supreme Court of Bronx County, New York shall

proceed no further unless the case is remanded.

Dated: New York, New York
　　　　January 7, 2008

　　　　　　　　　　　　　　　　　SONNENSCHEIN NATH & ROSENTHAL LLP

　　　　　　　　　　　　　　　　　By: _Rebecca Hughes Parker_____
　　　　　　　　　　　　　　　　　Rebecca Hughes Parker (RP 6262)
　　　　　　　　　　　　　　　　　1221 Avenue of the Americas
　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　Tel: (212) 768-6700
　　　　　　　　　　　　　　　　　Fax: (212) 768 6800
　　　　　　　　　　　　　　　　　rhparker@sonnenschein.com

　　　　　　　　　　　　　　　　　Amy L. Bess, D.C. Bar No. 418985
　　　　　　　　　　　　　　　　　1301 K Street, N.W., Suite 600 - East Tower
　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　Tel: (202) 408-6400
　　　　　　　　　　　　　　　　　Fax: (202) 408-6399
　　　　　　　　　　　　　　　　　abess@sonnenschein.com

　　　　　　　　　　　　　　　　　*Attorneys for Defendant Williams Lea Inc.*

To:

Delly Brammer
Plaintiff *pro se*
1818 Bussing Ave.
Bronx, NY 10466
(718) 324-8102