UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DELLY BRAMMER, Plaintiff, v. WILLIAMS LEA INC. Defendant. | ) | Index No. 1:08-cv-00124 |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Williams Lea Inc. ("Williams Lea" or "Defendant"), by its attorneys, Sonnenschein Nath & Rosenthal LLP, as and for its answer to the Amended Complaint dated December 12, 2007 (the "Amended Complaint") states as follows:

1. Williams Lea states that the allegations contained in paragraph 1 of the Amended Complaint state legal conclusions to which no response is required.

2. Williams Lea denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 regarding Plaintiff's citizenship for purposes of the appropriate venue of this action, and on that basis, denies such allegations.

**THE PARTIES**

3. Williams Lea denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and on that basis, denies such allegations.

4. Williams Lea admits that it has a place of business in the State of New York, but denies the remaining allegations contained in paragraph 4 of the Amended Complaint.

5. Williams Lea states that the allegations contained in paragraph 5 of the Amended Complaint state legal conclusions to which no response is required.

**ADMINISTRATIVE PROCEDURES**

6. Williams Lea admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the New York State Division of Human Rights based on allegations of gender discrimination and retaliation, but denies that such charge was filed on or about December 26, 2006. Further answering, Plaintiff's allegation that such charge was "timely" states a legal conclusion to which no response is required. To the extent a response is required, Williams Lea denies the allegation of timeliness. Further answering, Williams Lea denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant avers the document referred to in paragraph 7 of the Amended Complaint speaks for itself. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's receipt of such document.

8. Williams Lea admits that the Verified Complaint in this action was originally filed in New York State Supreme Court, Bronx County, on or about June 20, 2007, but denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's receipt of the "Notice of Right to Sue" and on that basis, denies such allegations.

## GENERAL ALLEGATIONS

9. Williams Lea denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Williams Lea admits that following its acquisition of all of the stock of Bowne Business Solutions ("BBS"), it employed Plaintiff until the date of his termination. Further answering, Williams Lea admits that at the time of his termination, Plaintiff worked at its client site located at 11 Madison Avenue, New York, NY 10010, but denies that this was the site of Plaintiff's employment throughout his tenure with Williams Lea.

11. Williams Lea denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Williams denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Williams Lea admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Williams Lea denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Williams Lea denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Williams Lea denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Williams Lea denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Williams Lea denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Williams Lea denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint

20. Williams Lea denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Williams Lea denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Williams Lea admits that Plaintiff reported to its Human Resources Department that he had been assaulted by a co-worker, but denies that such report occurred on February 9, 2005.

23. Williams Lea admits that on February 10, 2005, Plaintiff reported to Theresa Zino in its Human Resources Department that he had been assaulted by a co-worker, but denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Williams Lea denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Williams Lea denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Williams Lea denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Williams Lea denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Williams Lea denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Williams Lea denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Williams Lea denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Williams Lea admits that it terminated Plaintiff's employment, but denies that such termination occurred on March 10, 2006

32. Defendant states that the allegations contained in paragraph 32(a)-(d) of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations. Further answering, Williams Lea specifically denies that it or any of its agents were made aware by Plaintiff of any alleged harassment or discrimination against Plaintiff by any other employee or manager of Williams Lea and Williams

Lea further specifically denies that it "failed to establish or publish a policy regarding discrimination, sexual harassment, similar misconduct, and retaliation, or failed to provide any effective method by which such discrimination and retaliation could be addressed and remedied."

**AS AND FOR A FIRST CAUSE OF ACTION**

33. Williams Lea incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

34. Williams Lea denies the allegations contained in paragraph 34 of the Complaint.

35. Williams Lea denies the allegations contained in paragraph 35 of the Complaint.

36. Williams Lea denies the allegations contained in paragraph 36 of the Complaint.

37. Williams Lea denies the allegations contained in paragraph 37 of the Complaint.

38. Williams Lea denies the allegations contained in paragraph 38 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**

39. Defendant incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

40. Williams Lea denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Williams Lea denies the allegations contained in paragraph 42 of the Complaint.

43. Williams Lea denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Williams Lea denies the allegations contained in paragraph 44 of the Complaint.

45. Williams Lea denies the allegations contained in paragraph 45 of the Complaint.

46. Williams Lea denies the allegations contained in paragraph 46 of the Complaint.

47. Williams Lea denies the allegations contained in paragraph 47 of the Complaint.

**PRAYER FOR RELIEF**

To the extent that a response to the paragraphs that form the prayer for relief in the Amended Complaint is required, Williams Lea denies each and every allegation contained in those paragraphs.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses in response to the Amended Complaint, Williams Lea states as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff has failed to assert a claim for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. because he has failed to assert a *prima facie* claim for relief under that statute.

**THIRD DEFENSE**

Plaintiff has failed to assert a claim for relief under New York State Executive Law § 296(1)(a) and the New York City Administrative Code, §§ 8-107(7) and 107.13(a) because he has failed to assert a *prima facie* claim for relief under those laws.

**FOURTH DEFENSE**

Williams Lea's decision to terminate Plaintiff's employment was made in good faith, was based on legitimate, non-discriminatory business reasons, and was not based on Plaintiff's gender, nor any other protected status.

**FIFTH DEFENSE**

Williams Lea's decision to terminate Plaintiff's employment was made in good faith, was based on legitimate, non-discriminatory business reasons, and was not taken in retaliation for Plaintiff's alleged complaint of alleged sexual harassment.

**SIXTH DEFENSE**

Plaintiff's claims and/or his recovery thereon are barred in whole or in part by Plaintiff's failure to mitigate his damages.

**SEVENTH DEFENSE**

Plaintiff has suffered no damages for which he is entitled to relief.

**SEVENTH DEFENSE**

Williams Lea has made a good faith effort to prevent discrimination and unlawful harassment in its workplace by disseminating and enforcing an anti-harassment policy and Plaintiff failed to take advantage of such policy by lodging a complaint so that Williams Lea could investigate and remediate any harm.

**EIGHTH DEFENSE**

Plaintiff was an at-will employee and thus could be terminated for any lawful reason.

**NINTH DEFENSE**

Williams Lea reserves the right to assert other defenses as discovery proceed

**WHEREFORE**, having fully answered the Amended Complaint, Williams Lea respectfully prays that this Honorable Court enter judgment:

(1) Dismissing the Complaint with prejudice;

(2) Denying Plaintiff any of the relief for which he prays; and

(3) Granting Williams Lea such other and further relief as the Court may deem just and proper, including its attorneys' fees, costs and other expenses.

Respectfully submitted,

Dated: January 14, 2008
New York, NY

SONNENSCHEIN NATH & ROSENTHAL LLP

_____/s/ Rebecca Hughes Parker___

Rebecca Hughes Parker (RP-6262)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
rhparker@sonnenschein.com

Amy L. Bess, D.C. Bar No. 418985
1301 K Street, N.W., Suite 600 - East Tower
Washington, D.C. 20005
Tel: (202) 408-6400
Fax: (202) 408-6399
abess@sonnenschein.com

*Attorneys for Defendant Williams Lea Inc.*